CARROLL *v.* O'SHEA.

*(City Court of New York, General Term.* December 17, 1891.)

REAL-ESTATE BROKER—COMMISSIONS—REPRESENTING BOTH PARTIES.
    A real-estate broker representing the purchaser only has no right to demand commissions from the seller.

Appeal from trial term.

Action by David H. Carroll against Ann T. O'Shea. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, FITZSIMONS, and McCARTHY, JJ.

*Fellows, Gray & Hartman,* for appellant. *Frederick Hemming,* for respondent.

FITZSIMONS, J. The plaintiff is a real-estate broker, and sues herein for commissions for the sale of certain property of defendant. The trial justice directed a verdict in plaintiff's favor for the amount claimed,—$540.80. The testimony of the plaintiff shows that he, representing the purchaser of said property as a broker, called upon defendant's husband, who acted as her agent in this matter, and made several offers for the same. The last offer ($26,000) was accepted. Upon this testimony he bases his claim for a recovery. Nowhere in his testimony does it appear that he was ever employed by the defendant or her husband to sell the property as defendant's broker. His testimony shows that he was the purchaser's agent or broker in such a case. No cause of action exists in favor of the broker against the seller for commissions earned. He must first be employed. Then, if he complies with the terms of his employment, he is entitled to receive pay for his service. Besides, as above stated, it appears that the plaintiff represented the buyer, and therefore it is reasonable to assume that as the buyer's agent he procured the property at the lowest obtainable figure; while it was his duty, if he was the seller's agent, to obtain the highest possible price for the same. It is because of this conflict and clash of interests that the law in cases of this character provides that the broker cannot represent both parties, except by their consent, and exacts from him the highest degree of faithfulness and fidelity to interests of the party he represents. This he cannot very well do if he serves two masters. The judgment and order is reversed, with costs to appellant to abide event of action. New trial ordered. All concur.